IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH BOND,
      Petitioner,

vs.                                Case No.:  5:13cv274/WS/EMT

SECRETARY OF DEP'T OF CORR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 13).  Respondent filed a motion for more definite statement, requesting that Petitioner clarify the state court judgment he is challenging (*see* doc. 21). Additionally, to the extent Petitioner challenges a judgment other than the judgment entered in the Circuit Court in and for Bay County, Florida, Case No. 2004-CF-2278 (in which the state court imposed a 15-year sentence), Respondent seeks dismissal of the petition as successive and unauthorized (*id.*).  Petitioner filed a response clarifying that he is <u>not</u> challenging the state court judgment which imposed the 15-year sentence; rather, he is challenging only the state court judgment which imposed numerous 5-year sentences (doc. 24).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal for lack of jurisdiction.

I.     BACKGROUND

The relevant background of this case is found in the report and recommendation issued by the undersigned, in Petitioner's prior federal habeas action, <u>Bond v. McNeil</u>, Case No. 5:09cv255/SPM/EMT (*see* doc. 21, Exs. D, E).[1]  According to the report and recommendation, on December 10, 2004, Petitioner was charged by an information filed in the Circuit Court for Bay County, Florida, Case No. 2004-CF-2274, with ten (10) counts of burglary of a structure (*id.*).  The same day, he was charged by an information filed in the same state court with three (3) counts of grand theft in Case No. 2004-CF-2275 and one count of burglary of a dwelling in Case No. 2004-CF-2302 (*id.*).  On January 11, 2005, Petitioner was charged by an amended information filed in the same state court with one count of burglary of a dwelling in Case No. 2004-CF-2278 (*id.*).  Petitioner was tried and found guilty as charged by a jury in Case No. 2004-CF-2278, and on January 26, 2005, he was adjudicated guilty and sentenced to fifteen (15) years of imprisonment, with pre-sentence jail credit of 210 days (*id.*).  On February 9, 2005, Petitioner entered a plea of guilty, pursuant to a written plea agreement, to all fourteen (14) counts in Case Nos. 2004-CF-2274, 2004-CF-2275, and 2004-CF-2302 (*id.*).  The same day, he was adjudicated guilty and sentenced to concurrent terms of five (5) years of imprisonment on each count, with pre-sentence jail credit of 224 days, to run concurrently with the sentence he was serving in Case No. 2004-CF-2278 (*id.*).

In Petitioner's first federal habeas action, filed July 26, 2009, Petitioner challenged the judgment of conviction and sentence imposing the multiple concurrent 5-year sentences, rendered February 9, 2005, in Case Nos. 2004-CF-2274, 2004-CF-2275, and 2004-CF-2302, on the ground that his defense counsel performed ineffectively by failing to obtain results of DNA testing of evidence from the Florida Department of Law Enforcement ("FDLE"), which Petitioner claimed would have exonerated him (*see* doc. 21, Ex. D).   *See* <u>Bond v. McNeil</u>, Case No. 5:09cv255/SPM/EMT, Petition (N.D. Fla. July 28, 2009).  Petitioner submitted the FDLE test results with his habeas petition and reply brief (*see id.*).  Respondent sought dismissal of Petitioner's challenge to that state court judgment, on grounds of untimeliness and Petitioner's failure to satisfy

---

[1] Petitioner acknowledges in the instant amended petition that he filed the previous habeas action challenging the same judgment he is challenging in this case (*see* doc. 13 at 7).

the "in custody" requirement of Section 2254 (doc. 21, Ex. B).  The district court, adopting the report and recommendation of the undersigned, dismissed the Section 2254 petition for lack of jurisdiction because Petitioner failed to satisfy the "in custody" requirement of Section 2254 (doc. 21, Exs. D, E).

Petitioner filed the instant Section 2254 petition on August 7, 2013 (doc. 1).  He identified the judgment under attack as a judgment rendered in February of 2005, convicting him of burglary and grand theft, and sentencing him to 15 years (*id.* at 1).  Petitioner subsequently filed an amended petition, in which he identified the judgment under attack as a judgment rendered on "2/19/05" (doc. 13 at 1).  He identified the state criminal case number as "04-2302 etc," the crimes of which he was convicted as burglary and grand theft, and his sentence as 15 years (*id.*).  As noted *supra*, in his reply to Respondent's motion for a more definite statement seeking clarification of which state court judgment Petitioner is attacking in this case, Petitioner clarified he is <u>not</u> challenging the state court judgment which imposed the 15-year sentence; rather, he is challenging the state court judgment imposing the 5-year sentences (*see* doc. 24).  In the instant case, Petitioner submitted the same FDLE test results he submitted in the first Section 2254 action, and he presents here essentially the same challenge he asserted in his first Section 2254 action, namely, if the FDLE test results had been investigated and presented in his criminal trial, he would have been exonerated of the charges.

II.     ANALYSIS

A.     <u>Second or Successive Application</u>

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute.  *See* <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added).  A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).

Here, Petitioner argues that the instant petition is not successive, because he "had to wait to obtane [sic] the document from FDLE labs" (*see* doc. 24).  However, many of the FDLE documents filed by Petitioner in this case were filed in his first Section 2254 case, including a cover letter from the FDLE to Petitioner referencing attached FDLE documents (*see* doc. 13 at 25).  The FDLE letter is dated December 3, 2007, and all of the FDLE documents are dated in 2004 and 2005, well before Petitioner filed his first Section 2254 petition in 2009.  Therefore, the factual and legal basis for the claims asserted in the instant Section 2254 petition were available to Petitioner when he filed his first federal petition.

Petitioner does not otherwise dispute that his first § 2254 petition qualifies as a first petition for purpose of determining successor status.[2]  Therefore, the undersigned concludes that the instant

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive."  *See* <u>Panetti v. Quarterman</u>, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under <u>Ford v. Wainwright</u>, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); <u>Slack v. McDaniel</u>, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146

petition qualifies as a "second or successive" habeas application under § 2244(a), (b).  Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition.  His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002).  Therefore, the instant petition must be dismissed for lack of jurisdiction.

  B. Custody

   Even if the instant habeas application was not subject to dismissal as "second or successive," it is subject to dismissal for the same reason as his first Section 2254 action; Petitioner does not satisfy the "in custody" requirement of Section 2254.  Section 2254 provides that a district court shall entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court . . ."  28 U.S.C. § 2254(a).  In Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), the Supreme Court considered a situation in which a prisoner filed a Section 2254 petition listing as the "'conviction under attack'" a 1958 state conviction for which he had already served the entirety of his sentence.  490 U.S. at 489–90.  The petitioner also alleged that the 1958 conviction had been "used illegally to enhance his 1978 state sentences," which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter.  *Id.*  The Court determined that the petitioner was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities.  *Id.* at 493.  The Court held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence.  *Id.* at 492.  However, the Court acknowledged that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the

---

L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive").

allegedly invalid prior conviction, . . . respondent [the habeas petitioner] . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493–94.

Similarly, in <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 401–02, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), the habeas petitioner was currently serving a sentence for a 1990 conviction and alleged that his prior convictions in 1986, for which he was no longer serving a sentence, were unconstitutional and may have affected his current sentence.  The Court held that the petitioner could not bring a federal habeas petition directed solely at the 1986 convictions.  532 U.S. at 401.  However, his Section 2254 petition could be construed as asserting a challenge to the 1990 sentence which he was currently serving, on the ground that the current sentence was enhanced by the allegedly invalid prior conviction.  *Id.*  Therefore, the "in custody" requirement was satisfied. *Id.* at 402.

Here, as in Petitioner's first Section 2254 case, Petitioner expressly states he is <u>not</u> challenging the 15-year sentence imposed on January 26, 2005; instead, he is challenging only the multiple 5-year concurrent sentences imposed in February of 2005 (*see* doc. 24).   In light of Petitioner's express statement that he is not challenging the judgment of conviction and sentence imposing the 15-year sentence (Case No. 2004-CF-2278), the court will not expand Petitioner's pleadings to assert a challenge to that judgment, even under the liberal construction of pleadings afforded pro se litigants.  *See, e.g.*, <u>Doubleday & Co., Inc. v. Curtis</u>, 763 F.2d 495, 502 (2d Cir. 1985) ("Among the cardinal principles of our Anglo-American system of justice is the notion that the legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded *sua sponte* by the trial judge.").

When Petitioner initiated the instant habeas action on August 7, 2013, all of the 5-year sentences imposed on February 9, 2005, in Case Nos. 2004-CF-2274, 2004-CF-2275, and 2004-CF-2302, had expired; and Petitioner was only serving the 15-year sentence imposed on January 26, 2005, in Case No. 2004-CF-2278 (*see* doc. 21, Exs. C, D, E).  Petitioner does not allege that the 15-year sentence he was serving at the time he filed the instant Section 2254 petition was enhanced by any of the fourteen (14) convictions in Case Nos. 2004-CF-2274, 2004-CF-2275, and 2004-CF-2302.  Furthermore, as the court found in Petitioner's prior Section 2254 action, the state court record demonstrates that when the sentencing court adjudicated Petitioner guilty of burglary of a

dwelling on January 26, 2005, in Case No. 2004-CF-2278, and imposed the 15-year sentence in that case, the court did not include in the computation of that sentence any sentence points related to the offenses for which he had not been convicted and sentenced in Case Nos. 2004-CF-2274, 2004-CF-2275, and 2004-CF-2302 (*see* doc. 21, Exs. D, E).[3]  In the absence of an allegation or indication that any of the underlying convictions and expired 5-year sentences which Petitioner now seeks to challenge was a necessary predicate to the sentence he was serving when he filed this habeas action (that is, the 15-year sentence imposed on January 26, 2005, in Case No. 2004-CF-2278), that any of the expired 5-year sentences or underlying convictions was positively and demonstrably related to the 15-year sentence, or that the 15-year sentence was in any way enhanced or affected by any of the expired 5-year sentences or underlying convictions, Petitioner cannot satisfy the "in custody" requirement of § 2254.  *See* Steverson v. Summers, 258 F.3d 520, 523 (6th Cir. 2001) ("Petitioner is not 'in custody' for the state convictions that his petition directly challenges.  Accordingly, the district court correctly determined that it lacked subject matter jurisdiction to consider Petitioner's § 2254 petition."); *see also, e.g.,* Ridley v. Parsons, No. 5:09cv177/SPM/EMT, 2009 WL 4048347 (N.D. Fla. Nov. 19, 2009) (Ridley failed to satisfy "in custody" requirement of Section 2254 where habeas petition challenged expired conviction, and Ridley made no showing that current sentence was enhanced by expired conviction); Siarkiewicz v. McNeil, No. 4:07cv383/SPM/MD, 2009 WL 399430 (N.D. Fla. Feb. 18, 2009) (Siarkiewicz failed to satisfy "in custody" requirement of Section 2254 as to convictions on three counts of four-count criminal judgment where sentences on three counts had expired, and sentences on those counts were not used to enhance sentence he was currently serving on fourth count); Sweet v. McNeil, No. 4:07cv295/SPM/WCS, 2008 WL 2313144 (N.D. Fla. June 3, 2008) (habeas petitioner, who received concurrent sentences on battery and burglary convictions, was no longer "in custody" on battery conviction because he had fully served that sentence; therefore, district court lacked subject matter jurisdiction over challenge to that conviction).[4]  Accordingly, the instant petition must be dismissed for lack of jurisdiction.

---

[3] As previously noted, Petitioner was not convicted and sentenced in Case Nos. 2004-CF-2274, 2004-CF-2275, and 2004-CF-2302 until February 9, 2005.

[4] The undersigned cites Ridley, Siarkiewicz, and Sweet, *supra*, only as persuasive authority, recognizing that they are not binding precedent.

III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 21) be **GRANTED**.

2.      That Petitioner's amended habeas petition (doc. 13) be **DISMISSED for lack of jurisdiction**.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>3</u><sup>rd</sup> day of July 2014.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**